Anonymous.    Fox *v.* Lambson.

cause of action.  If when one cause of action is answered, the plaintiff may fly to another; or when one defence is answered, the defendant may resort to another, which are called departures in pleading, there might be no possibility of ever fixing an issue.  Now here the plaintiff alleges one breach in the declaration and when that is answered, he adds another in the replication.  This is manifestly a departure, and the replication for this cause must be set aside.

---

## ANONYMOUS.

A declaration in ejectment may be amended by altering the date of the demise.

---

*Vroom* moved to amend the declaration by altering the time of the devise, and cited *Den ex dem. Hoover* v. *Franklin* and *Sharp*, 2 *South.* 850 and *Adams on Eject.* 202, 3.

BY THE COURT.—Let the amendment be made.

---

## JACOB FOX *v.* MOSES LAMBSON.

Where a plaintiff neglects to carry down his cause for trial at the next Circuit after a new trial has been awarded, judgment as in case of non-suit may be rendered against him, provided there is sufficient time between the awarding of the new trial and the Circuit to give the requisite notice of trial.

---

In the term of May last, the verdict which had been rendered for the defendant, was set aside and a new trial awarded.  (*See Ante page* 275.)

Fox *v.* Lambson.

*Jeffers*, on behalf of the defendant, now moved for judg-ment as in case of nonsuit against the plaintiff, because he had not carried the cause down for trial at the last Salem Circuit, which was held on the second Tuesday of June last.

*Dayton*, for plaintiff, opposed the motion. He said that there was not time between the delivery of the opinion of the court at the last term awarding the new trial, and the circuit, to notice the cause and prepare for trial, without he had immediately upon the delivery of the opinion of the court, written to his client and given notice of trial. The opinion of this court was delivered on the eleventh day of May, and the Salem circuit commenced on the thirteenth day of June, so that to give twenty days' notice (exclusive of Sundays) would have left him but one week to transact his business at the Supreme Court, return home, communi-cate with his client and give notice of trial—this was too short a time. But in strictness, the time allowed for giving notice of trial ought to be computed from the day when the Supreme Court adjourned, for every lawyer was to be pre-sumed attending that court. The Supreme Court adjourned on the twenty-second day of May, and between that time and the thirteenth of June, there were not twenty days exclusive of Sundays.

JUSTICES ROSSELL and FORD (the CHIEF JUSTICE being absent from indisposition) ordered judgment as in case of non-suit.